IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiffs<br><br>v.<br><br>[8] DANILO DE LA CRUZ-POLANCO<br><br>Defendant | CRIM. NO.: 16-729 (SCC) |

**OPINION AND ORDER**

Pending before the Court is Defendant Danilo De la Cruz-Polanco's ("Defendant De la Cruz-Polanco") *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Docket No. 651. While the Government has not addressed Defendant De la Cruz-Polanco's motion, the Court finds that it can render a determination regarding the same at this time. For the reasons set forth below, the Court **DENIES WITHOUT PREJUDICE** Defendant De la Cruz-Polanco's motion at Docket No. 651.

### I. Analysis

On March 12, 2019, Defendant De la Cruz-Polanco pleaded guilty to one count of conspiracy to import at least fifty (50) but less than one hundred and fifty (150) kilograms of cocaine into the United States from a place outside thereof, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), (b)(1)(B), 963 and 841(b)(1)(B). Docket Nos. 327, 337. On June 19, 2019, he was sentenced to one hundred and twenty (120) months of imprisonment. Docket Nos. 437, 438. His projected release date is June 17, 2025. *See Find an Inmate*, FED. BUREAU PRISONS, https://www.bop.gov/inmateloc/ (last accessed Jun. 1, 2021).

Defendant De la Cruz-Polanco filed a motion requesting compassionate release from custody due to the ongoing COVID-19 pandemic. Docket No. 651. Specifically, in his motion, he alleges that his status as an HIV patient places him at a higher risk of severe illness or death if he were to contract COVID-19. *See id.* at 4. He also contends that it is impossible to practice social distancing at Moshannon Valley Correctional Center ("MVCC"), thus implying that it is only a

U.S.A. v. DE LA CRUZ-POLANCO                                           Page 3

matter of time before he contracts COVID-19. *See id.* at 5. According to Defendant De la Cruz-Polanco, his status as an HIV patient coupled with the purported mishandling of the COVID-19 pandemic at MVCC amount to extraordinary and compelling circumstances which warrant his release from custody. *See id.* at 6.

This Court may entertain a motion for compassionate release under § 3582(c)(1)(A) "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or, after thirty (30) days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

In his motion, Defendant De la Cruz-Polanco asserts that he sought administrative relief within MVCC and the Federal Bureau of Prisons ("BOP"). Docket No. 651 at 2. According to

Defendant De la Cruz-Polanco, MVCC denied[1] his request, and he never received an answer from the BOP.[2] *Id.* Despite Defendant De la Cruz-Polanco's assertions, he failed to attach copies of the purported administrative remedies that he sought to the instant motion. As such, the Court is unable to corroborate whether he, in fact, satisfied the administrative requirement outlined in § 3582(c)(1)(A). However, even if the Court were to find that he satisfied the administrative exhaustion requirement, as he claims that he was precluded

---

[1] According to Defendant De la Cruz-Polanco, MVCC denied his request for compassionate release because of his immigration status. Docket No. 651 at 2.

[2] It is worth mentioning that, in his motion, Defendant De la Cruz-Polanco states that MVCC allegedly denied his request to, *inter alia*, be placed in home confinement in order to serve the remainder of his sentence because of his immigration status. *See* Docket No. 651 at 2. While the motion before this Court does not include a request for home confinement, the Court notes that, even if Defendant De la Cruz-Polanco would have included said request, the Court may only recommend that an offender be placed in home confinement, for the Bureau of Prisons ("BOP") is the entity responsible for determining where an offender is placed. *Tapia v. United States*, 564 U.S. 319, 331 (2011) (stating that "[a] sentencing court can *recommend* that the BOP place an offender in a particular facility or program . . . . [b]ut decision making authority rests with the BOP.").

U.S.A. v. DE LA CRUZ-POLANCO                                                    Page 5

from attaching copies because he could not make copies of the same due to the restrictions placed in light of the COVID-19 pandemic and because the original documents were sent to the BOP, *see id.* at n.1, his motion still fails on the merits, for the same does not point to extraordinary and compelling reasons that would warrant relief under § 3582(c)(1)(A)(i).

For starters, Defendant De la Cruz-Polanco is no longer at MVCC. According to the BOP website, he is currently serving his sentence at FCI Hazelton in West Virginia. *See Find an Inmate*, FED. BUREAU PRISONS, https://www.bop.gov/inmateloc/ (last accessed Jun. 1, 2021). And a look at the COVID-19 infection rates at FCI Hazelton reveals that, on June 1, 2021, there were zero (0) confirmed cases of inmates with the virus and only one (1) staff member who had tested positive for the virus. *See COVID-19 Cases*, FED. BUREAU PRISON, https://www.bop.gov/coronavirus/index.jsp (last updated May 28, 2021). As such, it appears that the spread of COVID-19 at FCI Hazelton is currently under control.

U.S.A. v. DE LA CRUZ-POLANCO　　　　　　　　　　　　　　　　Page 6

As for his status as an HIV patient, Defendant De la Cruz-Polanco did not include a copy of any medical records that would shed light on the status of his condition with the instant motion. Most fundamentally, at no point in his motion did he allege that he was not receiving treatment for his medical condition or that his condition has worsened due to the lack of proper care.

## II. Conclusion

In light of the above, Defendant De la Cruz-Polanco's motion at Docket No. 651 is **DENIED WITHOUT PREJUDICE**.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 1st day of June, 2021.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE